J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven*
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
*Staff Attorney at Righthaven*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company, | Case No.: 2:10-cv-01571 |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| PAUL ANTHONY PARSON, an individual, | |
| Defendant. | |

Righthaven LLC ("Righthaven") complains as follows against Paul Anthony Parson ("Mr. Parson") on information and belief:

## NATURE OF ACTION

1. This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

## PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3.  Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4.  Mr. Parson is, and has been at all times relevant to this lawsuit, the owner of the Internet domain found at <americangunowners.net> (the "Domain"), as evidenced by Mr. Parson's MySpace page, attached hereto as Exhibit 1.

### JURISDICTION

5.  This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

6.  Righthaven is the owner of the copyright in the literary work entitled: "Slaying of Army veteran shocks friends" (the "Work"), attached hereto as Exhibit 2.

7.  At all times relevant to this lawsuit, the Work has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

8.  Mr. Parson willfully copied, on an unauthorized basis, the Work from a source emanating from Nevada.

9.  On or about July 12, 2010, Mr. Parson displayed, and continues to display, an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 3, as part of the content accessible through the Domain (said content accessible through the Domain known herein as the "Website").

10.  At all times relevant to this lawsuit, the Infringement has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

11.  The subject matter, at least in part, of the Work and the Infringement, is a fatal shooting that occurred in a Las Vegas, Nevada-based Costco.

12.  At all times relevant to this lawsuit, Mr. Parson knew that the Work was originally published in the Las Vegas *Review-Journal*.

13.  At all times relevant to this lawsuit, Mr. Parson knew that the Infringement was and is of specific interest to Nevada residents.

14. Mr. Parson's display of the Infringement was and is purposefully directed at Nevada residents.

15. Mr. Parson knew, or reasonably should have known, that websites, such as the Website, are and were at all times relevant to this lawsuit, the habitual subject of postings by others of copyright-infringing content.

16. At all times relevant to this lawsuit, Mr. Parson did not institute any proactive policy of precluding, or attempting to preclude, the postings by others of copyright-infringing content on the Website.

17. At all times relevant to this lawsuit, Mr. Parson did not institute any proactive policy of monitoring, or attempting to monitor, the postings by others of copyright-infringing content on the Website.

18. At all times relevant to this lawsuit, Mr. Parson did not institute any proactive policy of deleting, or attempting to delete, the postings by others of copyright-infringing content on the Website.

19. At all times relevant to this lawsuit, Mr. Parson's failure to institute any proactive policies intended to address the postings by others of copyright-infringing content on the Website constituted and constitutes Mr. Parson's willful blindness to copyright infringements occurring on the Website.

## VENUE

20. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

21. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1400 (a), because Mr. Parson is subject to personal jurisdiction in Nevada.

**FACTS**

22. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

23. Righthaven is the owner of the copyright in and to the Work.

24. The Work was originally published on or about July 12, 2010.

25. On September 9, 2010, the United States Copyright Office (the "USCO") received Righthaven's official submittal for the registration to the Work, including the application, the deposit copy, and the registration fee (the "Complete Application"), Service Request No. 1-484454258, and attached hereto as Exhibit 4 is the official USCO application submittal for the Work depicting the occurrence of the Complete Application.

26. On or about July 12, 2010, Mr. Parson displayed, and continues to display, the Infringement on the Website.

27. Mr. Parson did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

28. Mr. Parson was not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

**CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT**

29. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 28 above.

30. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

31. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

32. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

33. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

34. Mr. Parson reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

35. Mr. Parson created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

36. Mr. Parson distributed, and continues to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

37. Mr. Parson publicly displayed, and continues to publicly display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

38. Mr. Parson has willfully engaged in the copyright infringement of the Work.

39. Mr. Parson's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

40. Unless Mr. Parson is preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by Mr. Parson of the Work, pursuant to 17 U.S.C. § 502.

**PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain Mr. Parson, and Mr. Parson's agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under Mr. Parson, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing

the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct Mr. Parson to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

    a. All evidence and documentation relating in any way to Mr. Parson's use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

    b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom Mr. Parson has communicated regarding Mr. Parson's use of the Work; and

    c. All financial evidence and documentation relating to Mr. Parson's use of the Work;

3. Direct GoDaddy.com, Inc., the current registrar, and any successor domain name registrar for the Domain, to lock the Domain and transfer control of the Domain to Righthaven;

4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

5. Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

6. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7. Grant Righthaven such other relief as this Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Righthaven requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated this fourteenth day of September, 2010.

                RIGHTHAVEN LLC

                By: /s/ J. Charles Coons
                J. CHARLES COONS, ESQ.
                Nevada Bar No. 10553
                JOSEPH C. CHU, ESQ.
                Nevada Bar No. 11082
                9960 West Cheyenne Avenue, Suite 210
                Las Vegas, Nevada 89129-7701
                *Attorneys for Plaintiff*